## ROBERT HOPKINS

*v.*

## EBEN CHITTENDEN'S ADMINISTRATOR.

1.  NEW TRIAL — *verdict against the evidence.*  In an action upon a promissory note the jury returned a verdict for the plaintiff, without allowing a payment of forty dollars which had been proven.  The judgment was reversed because the verdict was contrary to the evidence.

2.  PAYMENT — *what constitutes — instructions.*  In an action on a note upon which there was a credit indorsed of $100, it appeared that amount had not been paid, but $40 was paid about the time the indorsement was made.  The jury were instructed that if they believed the indorsement of $100 was made by the defendant, when in fact he had not paid that sum, then they should find the amount due upon the note in disregard of said indorsement.  This was erroneous, because it told the jury to disregard any other payments that might have been made, besides the one claimed, which was false.

APPEAL from the Circuit Court of Kendall county; the Hon. MADISON E. HOLLISTER, Judge, presiding.

This was an action of assumpsit brought by Leverett Chittenden, as administrator of Eben Chittenden, deceased, against Robert Hopkins, upon the following promissory note :

$387.20

One day after date, for value received, I promise to pay to Eben Chittenden or order, three hundred and eighty-seven 20-100 dollars, with interest at ten per cent.

ROBERT HOPKINS.

BRISTOL, June 23, 1860.

Among other credits indorsed upon the note, was one for $100, on the 1st of March, 1861.

It was in proof upon the trial that this $100 had not been paid, but that the defendant paid on the note $40 about the time this indorsement was made.  On this subject the court instructed the jury, on behalf of the plaintiff, as follows :

The jury are instructed, that if they believe, from the evidence, that the last indorsement of $100 was put upon the note

in question by the defendant, when in fact he did not pay the plaintiff the said $100, so indorsed, then the jury shall find the amount due upon said note in disregard of said indorsement.

To which exception was taken.  The jury returned a verdict for the plaintiff, not allowing the payment of $40, as a credit. A new trial was refused, and judgment was entered upon the verdict.  The defendant brings the case to this court by appeal, and now insists the verdict was contrary to the evidence, and the instruction given, erroneous.

Messrs. GLOVER, COOK & CAMPBELL, for the Appellant.

Messrs. LELAND & BLANCHARD, for the Appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The only points made by appellant on this record are, that the instructions given on behalf of the plaintiff below, were wrong, and that the verdict was against the evidence in this, that the payment of forty dollars which plaintiff admitted was made by the defendant at the date of the one hundred dollar indorsement, was not allowed to defendant in the computation of the amount due upon the note, and that judgment has therefore been obtained for forty dollars more than were due.

As to the payment of forty dollars at the date referred to, the testimony is satisfactory and conclusive.  Emmons testifies that Chittenden said he did not receive the one hundred dollars, but that defendant had paid him forty dollars about the time of the indorsement of the hundred dollar payment.  Cole testifies to the same purport.  He says the plaintiff told him that a person had paid forty dollars on the estate note about the time the hundred dollars was indorsed on it, and said he would tell me at some time who the person was.  He afterwards told the witness, about the time the suit was commenced, that it was the defendant who had paid it.

The county judge, Mr. Ricketson, also testified that the plaintiff called on him before the commencement of the suit, and told him that defendant had indorsed one hundred dollars upon an estate note that he had never received, but said he had received of defendant about that time either twenty or forty dollars, the precise amount not remembered.

This was strong evidence and wholly uncontradicted, to show that the defendant had paid forty dollars not credited on the note. The only reason we can give why the jury did not allow it, must have been on account of the first instruction to them. The court virtually told the jury, if they did not find one hundred dollars to be a correct credit on the note, then to find the amount of the note disregarding the indorsement. This was saying to the jury, though other payments may have been made on the note besides the one claimed and which was false, they must nevertheless find for the plaintiff the amount of the note without that credit.

This was error, and for the error the judgment must be reversed and the cause remanded.

*Judgment reversed.*